THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* TORO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Libel.

No. 682.—Decided June 22, 1914.

LIBEL—CHARGE OF COMMISSION OF CRIME—SELF-SERVING EVIDENCE.—When a newspaper charges a person with the commission of a crime and the injured person swears out a criminal complaint for libel against the reporter who published the article, a subsequent article published by the same reporter to the effect that the said person had been acquitted is not admissible in evidence because such evidence is self-serving.

ID.—PUBLICATION OF ARREST—RIGHT OF NEWSPAPER.—The editor of a newspaper has the right to publish in the newspaper the fact that a person has been arrested and the cause of his arrest, but while the case is pending in court he has no right to assume that the accused is guilty of the crime with which he is charged or to represent to the public that he is guilty.

ID.—PUBLICATION OF JUDICIAL PROCEEDINGS.—The privilege granted to a journalist by section 249 of the Penal Code to publish judicial proceedings without being prosecuted therefor is applicable only to those cases where the publication is fair, true and impartial.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

The appellant appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant, on appeal from the Municipal Court of Yauco to the District Court of Ponce, was found guilty of defamatory libel and sentenced to pay a fine of $10. The complaint set up that the defendant maliciously, voluntarily and criminally signed, ordered and caused to be pub-

lished, as special reporter on the newspaper *El Día* of Ponce, an article wherein it was said: "Yesterday a complaint was sworn out against a certain Natalio Lozada Colón (the prosecuting witness). Three years ago Lozada transacted a piece of business with Rosendo Velazco, delivering to the latter an obligation for a sum of money to be taken up in a few days. Lozada disappeared and Velazco was not able to recover the money. Day before yesterday, knowing that Lozada was in Yauco, he sued him civilly through Attorney Toro Fernández (defendant and appellant here), asking and obtaining an attachment against some horses of the defendant (Lozada) to secure the judgment. The attachment being issued and the animals in custody, Lozada stole one of them and ran away (*tomó las de Villadiego*), being then captured by the police, etc.," the complaint containing the appropriate concluding averments. The publication was proved at the trial as laid in the complaint.

Appellant alleges two errors. The first is the failure of the court to admit evidence of a publication wherein in the same newspaper the said appellant published the acquittal of Lozada. This was plainly a self-serving declaration and inadmissible. Wharton's Criminal Evidence, p. 690; 12 Cyc., 426, 428.

The second ground of error is that the Government did not make out a case against the appellant. He relies principally on section 249 of the Penal Code, which is as follows:

"Section 249.—No reporter, editor, or proprietor of any newspaper is liable to any prosecution for a fair and true report of any judicial, legislative or other public official proceedings, or of any statement, speech, argument, or debate in the course of the same, except upon proof of malice in making such report, which shall not be implied from the mere fact of publication."

We agree with the *fiscal* that the privilege can only avail a defendant who publishes court proceedings, if the publication is a fair, just and impartial one. The editor of a news-

paper has a right to publish the fact that an individual has been arrested and upon what charge; but he has no right while the charge is in course of investigation before the magistrate to assume that the accused person is guilty or hold him out to the world as such. *Usher* v. *Severence,* 20 Me., 9. See also *Storey et al.* v. *Wallace,* 60 Ill., 51, 54, 55; *Bathrick* v. *Detroit Post and Tribune Co.,* 50 Mich., 629, 644; *Cincinnati Gazette Co.* v. *Timberlake,* 78 Am. Dec., 285, 289. If this appellant had confined himself to stating the contents of the alleged criminal charge against Lozada, there would have been no question if a charge in fact existed, as seems to be the case. He did not so confine himself, but the article complained of was published in such a manner as to assume that Lozada was a thief. The article did not even aver that the facts published appeared from the judicial proceedings. When an editor or reporter publishes an account of the arrest of a man it is his duty to see that the communication sets forth that such person is only charged with crime. The authorities show that guilt must not be assumed, and the editor or reporter must be on his guard to prevent such an assumption. This judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.